IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. _____ |
| v. | ) ) | |
| PRODUCT FABRICATORS, INC., | ) ) | **C O M P L A I N T** |
| Defendant. | ) ) | **Jury Trial Demanded** |
| _____ | ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Amendments Act of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Adam Breaux, III ("Breaux") who was adversely affected by such practices.  Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Product Fabricators, Inc. ("Product Fabricators" or "PFI"), discriminated against Mr. Breaux by terminating him based on their need to provide him with a reasonable accommodation for his disability in the form of leave, in violation of Section 102(5)(B) of the ADA, 42 U.S.C. § 12112, and because he requested an accommodation for his disability and for his participation as a witness in a prior EEOC investigation, in violation of Section 503 of the ADA, 42 U.S.C. § 12203.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) and Section 707 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6 and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Minnesota.

PARTIES

3.  Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and 2000e-6.

4.  At all relevant times, Defendant Product Fabricators has continuously been a Minnesota corporation doing business in the State of Minnesota and the City of Pine City, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant Product Fabricators has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.  At all relevant times, Defendant Product Fabricators has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

<u>STATEMENT OF CLAIMS</u>

7.  More than thirty days prior to the institution of this lawsuit, Adam Breaux, III filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Product Fabricators.  All conditions precedent to the institution of this lawsuit have been fulfilled.

8.  In or around August and September of 2009, Defendant Product Fabricators engaged in unlawful employment practices at its facility in Pine City, Minnesota, in violation of Sections 102(5)(B) and 503, 42 U.S.C. §§ 12112 and 12203 of the ADA.

9.  Adam Breaux has a shoulder impairment that substantially limited him in the major life activity of lifting.  Mr. Breaux is a qualified individual with a disability within the meaning of Title I of the ADA.

10.  In or around August 2009, Mr. Breaux requested and/or inquired about a leave of absence that would have enabled him to undergo surgery on his shoulder.

11. On or about September 1, 2009, Mr. Breaux was terminated from his employment at Product Fabricators based on his need for leave as a reasonable accommodation and in retaliation for having requested and/or inquired about a reasonable accommodation of leave in or around August of 2009 that would have enabled him to undergo surgery on his shoulder.

12. On or about September 1, 2009, Mr. Breaux was terminated from his employment at Product Fabricators in retaliation for having participated as a witness in an EEOC investigation of a charge of discrimination filed by former Product Fabricators' employee Dennis Anderson.  Mr. Breaux was interviewed pursuant to the EEOC's investigation of Dennis Anderson's charge of discrimination on or about June 24, 2008.  Mr. Breaux was

3

terminated on September 1, 2009, the day after the EEOC brought a lawsuit against Product Fabricators based on Dennis Anderson's charge of discrimination. (*See EEOC v. Product Fabricators, Inc.*, Case No. 09-cv-2303 (PAM/LIB), (D. Minn.), filed on August 31, 2009).

13.  The effect of the practices complained of in paragraphs 10, 11 and 12 above, has been to deprive Adam Breaux of equal employment opportunities and otherwise adversely affect his status as employee because of his disability and because he requested a reasonable accommodation for his disability and participated as a witness in an EEOC investigation.

14.  The unlawful employment practices complained of in paragraphs 10, 11 and 12 above, were and are intentional.

15.  The unlawful employment practices complained of in paragraphs 10, 11 and 12 above, were done with reckless indifference to the federally protected rights of Adam Breaux.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Product Fabricators, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees because they made a request for a reasonable accommodation for a disability, or because they participated as a witness in an EEOC investigation, and/or engaging in any other conduct which retaliates against employees for engaging in protected activity.

B.  Grant a permanent injunction enjoining Defendant Product Fabricators, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying employment opportunities to an employee based on

Defendant Product Fabricators' need to make reasonable accommodation to the physical or mental impairments of the employee.

C.  Order Defendant Product Fabricators to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

D.  Order Defendant Product Fabricators to make whole Adam Breaux by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, reinstatement, front pay in lieu of reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in paragraphs 10, 11 and 12 above, including but not limited to rightful place reinstatement or front pay in lieu of reinstatement.

E.  Order Defendant Product Fabricators to make whole Adam Breaux by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 10, 11 and 12 above, including medical expenses, and retirement or pension contributions not covered by Defendant's employee benefit plan, in amounts to be determined at trial.

F.  Order Defendant Product Fabricators to make whole Adam Breaux by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 10, 11, 12 above, including, but not limited to, emotional pain, suffering, inconvenience and mental anguish resulting from the unlawful practices complained of in paragraph 10, 11, 12 above, in amounts to be determined at trial.

G.  Order Defendant Product Fabricators to pay Adam Breaux punitive damages for its malicious and reckless conduct, as described in paragraphs 10, 11 and 12 above, in amounts to be determined at trial.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the EEOC its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

P. David Lopez
General Counsel

James Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

131 M Street, N.E.
5th Floor
Washington, D.C.  20507


s/John C. Hendrickson
_____
John C. Hendrickson
Regional Attorney


s/Jean P. Kamp
_____
Jean P. Kamp
Associate Regional Attorney

Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois  60661
Telephone:  (312) 869-8116
Facsimile:   (312) 869-8124
jean.kamp@eeoc.gov


July 26, 2011                                    s/Nicholas J. Pladson

                                                 _____

                                                 Nicholas J. Pladson (#0388148)
                                                 Trial Attorney

                                                 Minneapolis Area Office
                                                 330 Second Avenue South, Suite 720
                                                 Minneapolis, Minnesota  55401
                                                 Telephone:  (612) 335-4047
                                                 Facsimile:   (612) 335-4044
                                                 nicholas.pladson@eeoc.gov